CLD-285                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1333
_____

FREDERICK W. SMITH, JR.,
                                                    Appellant

v.

STATE OF DELAWARE; ATTORNEY GENERAL OF
THE STATE OF DELAWARE; NEW CASTLE COUNTY
SUPERIOR COURT, PRESIDING JUDGE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 14-cv-01340)
District Judge: Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2015)
_____

OPINION*
_____

PER CURIAM

Frederick W. Smith, Jr., appeals from an order of the District Court dismissing his

complaint as frivolous.  For the reasons that follow, we will dismiss the appeal as

frivolous.

Smith, a Delaware inmate, was convicted following a jury trial in the Delaware Superior Court of various sexual assault crimes in connection with an incident of domestic violence. He was sentenced to a term of imprisonment of 32 years at Level 5 incarceration. On appeal to the Delaware Supreme Court, Smith contended that the trial court erred in "(i) admitting medical records that had been redacted by the prosecutor; (ii) refusing to admit a portion of [his] statement to the police; (iii) admitting prior 'bad acts' evidence; (iv) admitting the victim's tape-recorded statement pursuant to 11 Del. Code § 3507; and (v) denying [his] Motion for Judgment of Acquittal at the conclusion of the State's case." Smith v. Delaware, 669 A.2d 1, 2 (Del. 1995). The Delaware Supreme Court affirmed the criminal judgment. Id. at 6-7 (out-of-court statement should not have been admitted pursuant to 11 Del. C. § 3507, but error did not deprive defendant of fair trial because State had strong case even without that statement).

Smith's attempts over the years to obtain collateral relief in both state and federal court have been unsuccessful. For example, following the denial of his federal habeas corpus petition, 28 U.S.C. § 2254, he appealed and, on December 22, 2004, we denied his request for a certificate of appealability, see C.A. No. 04-3156. And, in 2009, he was enjoined in state court from filing any more challenges to his conviction and sentence without first seeking leave of court. Smith v. Delaware, 2009 WL 2888258, at *2 (Del. Sept.10, 2009). Furthermore, Smith has sued, unsuccessfully, Correct Care Solutions, the state prison medical provider, alleging various claims of medical negligence. See Smith v. Correct Care Solutions, 2012 WL 2352985 (Del. Super. Ct. 2012).

At issue in this appeal, on October 24, 2014, Smith filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the District of Delaware against the

2

State of Delaware, the Delaware Attorney General, and the Presiding Judge of the New Castle County Superior Court. In this purported civil rights action, Smith claimed in principal part that he was wrongly convicted based on the prosecution's failure to correct the false testimony of the victim. Smith also claimed that he was not getting adequate psychiatric care in the state prison, in violation of the Eighth Amendment, and that, because he suffers from schizophrenia, he should not be criminally incarcerated; rather, he should be civilly committed to the Delaware Psychiatric Center ("DPC"). Smith sought unspecified declaratory relief and nominal damages in the amount of $1.00.

In an order entered on January 26, 2015, the District Court dismissed the action as frivolous pursuant to Neitzke v. Williams, 490 U.S. 319, 326 (1989), 28 U.S.C. § 1915(e)(2)(B)(i), and 28 U.S.C. § 1915A(b)(i). The Court held that, to the extent that Smith was challenging his conviction and sentence, his sole federal remedy is by way of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475 (1973), and further held that Smith cannot recover money damages under § 1983 for wrongful incarceration unless he proves that his conviction has been reversed, expunged or invalidated, Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court held that, to the extent that Smith's action was a true civil rights action concerning the conditions of his confinement, the defendants were immune from suit. The State of Delaware is immune pursuant to the Eleventh Amendment, see, e.g., Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-02 (1984); and judges and prosecutors are immune from suit, see Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2006) (judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 420 (1976) (prosecutorial immunity). The District Court further held that any amendment to the complaint would be futile.

Smith appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in support of his appeal. Smith submitted a brief, which we will consider in the context of possible dismissal or summary action. We note that Smith attached to his brief a copy of an unsuccessful grievance concerning his wish to serve the remainder of his sentence at DPC. Smith also has moved for appointment of counsel.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke, 490 U.S. at 325. The District Court correctly held that, to the extent that Smith was challenging his conviction and sentence by claiming that his conviction was based on perjured testimony, his sole federal remedy is by way of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser, 411 U.S. 475. In addition, Heck, 512 U.S. 477, precludes § 1983 claims like Smith's whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or "called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487.

In addition, the defendants – the State of Delaware, the Delaware Attorney General, and the Presiding Judge of the New Castle County Superior Court – are immune

4

from suit under § 1983 for the reasons given by the District Court. The Eleventh Amendment immunizes States and their agencies from suits for damages in federal court. See Pennhurst State School, 465 U.S. at 100-02. In addition, a judge is absolutely immunized from a suit for damages under § 1983 when he acts in a judicial capacity, Pierson v. Ray, 386 U.S. 547 (1967), and Smith's claims did not show that the Presiding Judge, or any judge involved in his case, for that matter, acted in "the clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 357 (1978). Pursuant to Imbler, 424 U.S. at 420-24, a prosecutor, here the Delaware Attorney General, is immune from suit under § 1983 with respect to his decision to prosecute a case and his actions in presenting the State's case at trial.

Last, we agree with the District Court that any amendment to the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (District Court may deny leave to amend under Rule 15(a) when amendment is futile). Certainly Smith may bring a civil rights action against specific prison officials at the prison where he is incarcerated who have been deliberately indifferent to his need for psychiatric treatment. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). See also Farmer v. Brennan, 511 U.S. 825, 837 (1994). Smith's complaint, however, did not allege that any specific prison official had been deliberately indifferent to his need for psychiatric treatment. Moreover, the Eighth Amendment is not violated where a convicted prisoner with schizophrenia receives adequate medical and psychiatric care at the prison where he is housed. See Inmates of Allegheny County v. Pierce, 612 F.2d 754, 762-63 (3d Cir. 1979). See also Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983).

5

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Smith's motion for appointment of counsel on appeal is denied.